UNITED STATES DISTRICT COURT **F I L E D**
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

OCT **2 3** 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA )
)
v. )   No. ___07 CR 50049___
)
)   Violations:  Title 18, United States
JOHN M. VOLPENTESTA )   Code, Sections 1341 & 1343, and
)   Title 26, United States Code, Sections
)   7202 & 7203

## COUNT ONE

The DECEMBER 2006 GRAND JURY charges:

1.    At times material to this indictment:

a.    Defendant was the president, majority shareholder, and operator of Volpentesta Construction, Inc., (hereinafter "VCI"), located in Marengo, Illinois.  VCI was in the business of construction and typically acted as a general contractor.

b.    Defendant, acting through VCI, entered into contracts to construct houses and perform other types of construction work for various customers.

c.    As a general contractor, VCI hired subcontractors to perform certain specialized jobs in the construction of these houses.

d.    Some of VCI's customers obtained construction loans from banks to finance the construction of their houses.

e.    VCI obtained construction loans from banks to finance the construction of the houses for some of VCI's customers.

f.    Under the terms of the construction loans, the banks held the loan proceeds until certain stages of the construction had been completed.

g.    Upon completion of certain stages of construction, defendant caused requests for partial payments to be submitted to a title company that was serving as the banks' agent.

h.    Before releasing the requested loan funds, the title company required VCI to submit a verification or assurance that the subcontractors and materials suppliers had been paid, or would be paid in the near future, for all work performed and materials supplied for the houses and construction projects.

i.    Defendant caused "Contractor's Sworn Statements" to be submitted to the title company in support of VCI's requests for partial payments.

j.    Some of defendant's customers financed the building of their houses or their construction projects themselves.

k.    Upon completion of certain stages of construction, defendant caused requests for partial payments to be submitted to these customers.

l.    In support of these requests for partial payments, defendant caused "Contractor's Sworn Statements" and/or invoices to be submitted to the customers.

2.    At times material to this indictment, defendant solicited individuals to loan funds to VCI.

3.    At times material to this indictment, defendant solicited individuals to invest in VCI and certain VCI projects.

2

4. From at least as early as January of 2003, and continuing to at least April of 2006, at McHenry County, in the Northern District of Illinois, Western Division, and elsewhere,

JOHN M. VOLPENTESTA,

defendant herein, knowingly devised and engaged in a scheme to defraud his customers, investors, and individual lenders, and to obtain money, funds, credit, and property belonging to his customers, investors, and individual lenders, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

5. It was the object of this scheme that defendant would and did enrich himself personally, and infuse money into VCI, by defrauding his customers, investors, and individual lenders out of more than $1,000,000.

6. It was further a part of the scheme that defendant caused "Contractor's Sworn Statements" to be submitted to the title company and his customers which falsely represented that certain jobs had been performed by VCI, when, as defendant well knew, those jobs had either not been completed or had been performed by subcontractors.

7. It was a part of the scheme that defendant caused VCI to receive partial payments from the title company and his customers for work performed by subcontractors and materials provided by suppliers, but never paid those subcontractors and suppliers for the work they performed and the materials they supplied.

8. It was further a part of the scheme that defendant caused the costs shown on the "Contractor's Sworn Statements" for certain jobs and materials to be falsely inflated.

3

9.    It was further a part of the scheme that defendant collected additional monies from his customers by submitting fraudulent invoices to those customers which falsely stated the costs that VCI had incurred for work performed on, and materials supplied for, the customers' houses.

10.    It was further a part of the scheme that defendant collected additional "fees" from his customers, which he was not entitled to under his contracts with them, by threatening to have VCI stop work on the customers' homes if they did not pay the additional fees.

11.    It was further a part of the scheme that defendant charged certain customers for materials he used on other jobs, including construction work on a strip mall which he owned.

12.    It was further a part of the scheme that defendant attempted to conceal his scheme to defraud by making false statements to his customers about why their homes weren't being completed and about why subcontractors and material suppliers had filed liens against their properties.

13.    It was further a part of the scheme that defendant attempted to conceal his scheme to defraud by falsely accusing his customers of breaching their contracts with VCI.

14.    It was further a part of the scheme that defendant falsely promised his investors and individual lenders that their investments and loans would be secured by property interests and liens.

15.    It was further a part of the scheme that defendant falsely promised his investors and individual lenders that he would return their money to them within certain specified periods of time.

16.    It was further a part of the scheme that defendant attempted to conceal his scheme to defraud by making false statements to his investors and individual lenders about why their monies were not being returned.

4

17.     It was further a part of the scheme that defendant used substantial amounts of the funds he fraudulently obtained from VCI's customers, investors, individual lenders, and banks to enrich himself and to pay his personal expenses.

18.     On or about December 31, 2004, at Naperville, in the Northern District of Illinois,

JOHN M. VOLPENTESTA,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be delivered by mail according to the direction thereon an envelope containing a VCI invoice requesting payment of $8,900 for well and septic work, that envelope being delivered to:

> "Home Buyer A"
> 2931 Beth Lane
> Naperville, IL  60564;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

The DECEMBER 2006 GRAND JURY further charges:

1.      Paragraphs 1 through 17 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about August 8, 2005, in the Northern District of Illinois, Western Division,

JOHN M. VOLPENTESTA,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire and radio communication in interstate commerce from Wisconsin, to Marengo, in the Northern District of Illinois, certain sounds and signals, namely a telephone conversation with a representative of a business referred to herein as "Commercial Customer A";

In violation of Title 18, United States Code, Section 1343.

## **COUNT THREE**

The DECEMBER 2006 GRAND JURY further charges:

1.      Paragraphs 1 through 17 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about October 19, 2005, at Lake Zurich, in the Northern District of Illinois,

### JOHN M. VOLPENTESTA,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be delivered by mail according to the direction thereon an envelope containing a VCI invoice requesting payment of a total of $4,398 in "Builders Fees," that envelope being delivered to:

> "Home Buyers B"
> 795 Windmere Lane
> Lake Zurich, IL  60047;

In violation of Title 18, United States Code, Section 1341.

7

## COUNT FOUR

The DECEMBER 2006 GRAND JURY further charges:

1.     Paragraphs 1 through 17 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.     On or about November 2, 2005, at Carpentersville, in the Northern District of Illinois,

### JOHN M. VOLPENTESTA,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be delivered by mail according to the direction thereon an envelope containing a letter addressed to a couple referred to herein as "Home Buyers C," in which defendant stated that construction of "Home Buyers C" home was proceeding quite well and that defendant looked forward to delivering the home to them later that year, that envelope being delivered to:

> "Home Buyers C"
> 939 Courtney Drive
> Carpentersville, IL  60110;

In violation of Title 18, United States Code, Section 1341.

## COUNT FIVE

The DECEMBER 2006 GRAND JURY further charges:

1.    Paragraphs 1 through 17 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.    On or about December 28, 2005, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire and radio communication in interstate commerce from Virginia, to Marengo, in the Northern District of Illinois, certain sounds and signals, namely a telephone conversation with an individual referred to herein as "Investor A";

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The DECEMBER 2006 GRAND JURY further charges:

1.    Paragraphs 1 through 17 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.    On or about April 19, 2006, at Lake Zurich, in the Northern District of Illinois,

### JOHN M. VOLPENTESTA,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be delivered by mail according to the direction thereon an envelope containing a letter addressed to a couple referred to herein as "Home Buyers D," which letter accused "Home Buyers D" of breaching their contract with VCI,  that envelope being delivered to:

> "Home Buyers D"
> 6 Sussex Court
> Lake Zurich, IL  60047;

In violation of Title 18, United States Code, Section 1341.

10

## COUNT SEVEN

The DECEMBER 2006 GRAND JURY further charges:

1.      At times material to this count:

  a.      Defendant was the president, majority shareholder, and operator of Volpentesta Construction, Inc., (hereinafter "VCI"), located in Marengo, Illinois. VCI was in the business of construction and typically acted as a general contractor.

  b.      VCI employed several individuals.

  c.      VCI deducted and collected federal income taxes, social security taxes, and Medicare taxes from the total wages of its employees.

  d.      VCI was required to file quarterly IRS Forms 941 on the last day of the month following the end of each calendar quarter reporting and paying over the employees' federal income taxes, social security taxes, and Medicare taxes that VCI had collected from its employees, as well as VCI's share of the social security taxes and Medicare taxes for its employees.

  e.      Defendant was responsible for filing the IRS Forms 941 on behalf of VCI, and paying over to the Internal Revenue Service the federal income taxes, social security taxes, and Medicare taxes for the employees of VCI.

2.      Between April 1, 2003, and on or about July 31, 2003, at Marengo, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, who during the second quarter of the year 2003, ending June 30, 2003, deducted and collected from the total wages of VCI's employees' federal income taxes, social security taxes, and Medicare taxes in the sum of $8,998.10, did willfully fail to truthfully account for and pay over

to the Internal Revenue Service said federal income taxes, social security taxes, and Medicare taxes withheld that were due and owing to the United States of America for the said quarter ending June 30, 2003;

In violation of Title 26, United States Code, Section 7202.

## COUNT EIGHT

The DECEMBER 2006 GRAND JURY further charges:

1.      Paragraph 1 of Count Seven of this indictment are realleged and incorporated herein as if fully set forth.

2.      Between July 1, 2003, and on or about October 31, 2003, at Marengo, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, who during the third quarter of the year 2003, ending September 30, 2003, deducted and collected from the total wages of VCI's employees' federal income taxes, social security taxes, and Medicare taxes in the sum of $20,413.50, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said federal income taxes, social security taxes, and Medicare taxes withheld that were due and owing to the United States of America for the said quarter ending September 30, 2003;

In violation of Title 26, United States Code, Section 7202.

## COUNT NINE

The DECEMBER 2006 GRAND JURY further charges:

1.      Paragraph 1 of Count Seven of this indictment are realleged and incorporated herein as if fully set forth.

2.      Between October 1, 2003, and on or about January 31, 2004, at Marengo, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, who during the fourth quarter of the year 2003, ending December 31, 2003, deducted and collected from the total wages of VCI's employees' federal income taxes, social security taxes, and Medicare taxes in the sum of $22,740.63, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said federal income taxes, social security taxes, and Medicare taxes withheld that were due and owing to the United States of America for the said quarter ending December 31, 2003;

In violation of Title 26, United States Code, Section 7202.

14

## COUNT TEN

The DECEMBER 2006 GRAND JURY further charges:

1.      Paragraph 1 of Count Seven of this indictment are realleged and incorporated herein as if fully set forth.

2.      Between January 1, 2004, and on or about April 30, 2004, at Marengo, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, who during the first quarter of the year 2004, ending March 31, 2004, deducted and collected from the total wages of VCI's employees' federal income taxes, social security taxes, and Medicare taxes in the sum of $19,398.54, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said federal income taxes, social security taxes, and Medicare taxes withheld that were due and owing to the United States of America for the said quarter ending March 31, 2004;

In violation of Title 26, United States Code, Section 7202.

## COUNT ELEVEN

The DECEMBER 2006 GRAND JURY further charges:

1.      Paragraph 1 of Count Seven of this indictment are realleged and incorporated herein as if fully set forth.

2.      Between April 1, 2004, and on or about July 31, 2004, at Marengo, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, who during the second quarter of the year 2004, ending June 30, 2004, deducted and collected from the total wages of VCI's employees' federal income taxes, social security taxes, and Medicare taxes in the sum of $12,897.78, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said federal income taxes, social security taxes, and Medicare taxes withheld that were due and owing to the United States of America for the said quarter ending June 30, 2004;

In violation of Title 26, United States Code, Section 7202.

16

## COUNT TWELVE

The DECEMBER 2006 GRAND JURY further charges:

1.    Paragraph 1 of Count Seven of this indictment are realleged and incorporated herein as if fully set forth.

2.    Between July 1, 2004, and on or about October 31, 2004, at Marengo, in the Northern District of Illinois, Western Division,

JOHN M. VOLPENTESTA,

defendant herein, who during the third quarter of the year 2004, ending September 30, 2004, deducted and collected from the total wages of VCI's employees' federal income taxes, social security taxes, and Medicare taxes in the sum of $11,155.86, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said federal income taxes, social security taxes, and Medicare taxes withheld that were due and owing to the United States of America for the said quarter ending September 30, 2004;

In violation of Title 26, United States Code, Section 7202.

## COUNT THIRTEEN

The DECEMBER 2006 GRAND JURY further charges:

1.    Paragraph 1 of Count Seven of this indictment are realleged and incorporated herein as if fully set forth.

2.    Between October 1, 2004, and on or about January 31, 2005, at Marengo, in the Northern District of Illinois, Western Division,

JOHN M. VOLPENTESTA,

defendant herein, who during the fourth quarter of the year 2004, ending December 31, 2004, deducted and collected from the total wages of VCI's employees' federal income taxes, social security taxes, and Medicare taxes in the sum of $8,712.70, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said federal income taxes, social security taxes, and Medicare taxes withheld that were due and owing to the United States of America for the said quarter ending December 31, 2004;

In violation of Title 26, United States Code, Section 7202.

18

## COUNT FOURTEEN

The DECEMBER 2006 GRAND JURY further charges:

1. Paragraph 1 of Count Seven of this indictment are realleged and incorporated herein as if fully set forth.

2. Between January 1, 2005, and on or about April 30, 2005, at Marengo, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, who during the first quarter of the year 2005, ending March 31, 2005, deducted and collected from the total wages of VCI's employees' federal income taxes, social security taxes, and Medicare taxes in the sum of $8,202.77, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said federal income taxes, social security taxes, and Medicare taxes withheld that were due and owing to the United States of America for the said quarter ending March 31, 2005;

In violation of Title 26, United States Code, Section 7202.

19

## COUNT FIFTEEN

The DECEMBER 2006 GRAND JURY further charges:

1.     Paragraph 1 of Count Seven of this indictment are realleged and incorporated herein as if fully set forth.

2.     Between April 1, 2005, and on or about July 31, 2005, at Marengo, in the Northern District of Illinois, Western Division,

JOHN M. VOLPENTESTA,

defendant herein, who during the second quarter of the year 2005, ending June 30, 2005, deducted and collected from the total wages of VCI's employees' federal income taxes, social security taxes, and Medicare taxes in the sum of $18,772.10, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said federal income taxes, social security taxes, and Medicare taxes withheld that were due and owing to the United States of America for the said quarter ending June 30, 2005;

In violation of Title 26, United States Code, Section 7202.

## COUNT SIXTEEN

The DECEMBER 2006 GRAND JURY further charges:

1.    Paragraph 1 of Count Seven of this indictment are realleged and incorporated herein as if fully set forth.

2.    Between July 1, 2005, and on or about October 31, 2005, at Marengo, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, who during the third quarter of the year 2005, ending September 30, 2005, deducted and collected from the total wages of VCI's employees' federal income taxes, social security taxes, and Medicare taxes in the sum of $17,525.06, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said federal income taxes, social security taxes, and Medicare taxes withheld that were due and owing to the United States of America for the said quarter ending September 30, 2005;

In violation of Title 26, United States Code, Section 7202.

21

## COUNT SEVENTEEN

The DECEMBER 2006 GRAND JURY further charges:

1.    Paragraph 1 of Count Seven of this indictment are realleged and incorporated herein as if fully set forth.

2.    Between October 1, 2005, and on or about January 31, 2006, at Marengo, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, who during the fourth quarter of the year 2005, ending December 31, 2005, deducted and collected from the total wages of VCI's employees' federal income taxes, social security taxes, and Medicare taxes in the sum of $16,182.54, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said federal income taxes, social security taxes, and Medicare taxes withheld that were due and owing to the United States of America for the said quarter ending December 31, 2005;

In violation of Title 26, United States Code, Section 7202.

22

## COUNT EIGHTEEN

The DECEMBER 2006 GRAND JURY further charges:

During the calendar year 2003, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, was the president and majority shareholder of Volpentesta Construction, Inc. (hereinafter "VCI"), a corporation not expressly exempt from tax, with its principal place of business at Marengo, Illinois, which paid wages of $1,500 or more during 2003; by reason of that fact, defendant was required by law, after December 31, 2003, and on or before February 2, 2004, to make an Employer's Annual Unemployment ("FUTA") Tax Return, Form 940, to the appropriate Internal Revenue Service Center, or to the person assigned to receive returns at the appropriate local office of the Internal Revenue Service, including local IRS offices located in the Northern District of Illinois, or other proper officer of the United States; well knowing all of the foregoing facts, defendant willfully did fail to make such a return to the appropriate Internal Revenue Service Center, or to the person assigned to receive returns at the appropriate local office of the Internal Revenue Service, including local IRS offices located in the Northern District of Illinois, or other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

## COUNT NINETEEN

The DECEMBER 2006 GRAND JURY further charges:

During the calendar year 2004, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, was the president and majority shareholder of Volpentesta Construction, Inc. (hereinafter "VCI"), a corporation not expressly exempt from tax, with its principal place of business at Marengo, Illinois, which paid wages of $1,500 or more during 2004; by reason of that fact, defendant was required by law, after December 31, 2004, and on or before January 31, 2005, to make an Employer's Annual Unemployment ("FUTA") Tax Return, Form 940, to the appropriate Internal Revenue Service Center, or to the person assigned to receive returns at the appropriate local office of the Internal Revenue Service, including local IRS offices located in the Northern District of Illinois, or other proper officer of the United States; well knowing all of the foregoing facts, defendant willfully did fail to make such a return to the appropriate Internal Revenue Service Center, or to the person assigned to receive returns at the appropriate local office of the Internal Revenue Service, including local IRS offices located in the Northern District of Illinois, or other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

24

## COUNT TWENTY

The DECEMBER 2006 GRAND JURY further charges:

During the calendar year 2005, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, was the president and majority shareholder of Volpentesta Construction, Inc. (hereinafter "VCI"), a corporation not expressly exempt from tax, with its principal place of business at Marengo, Illinois, which paid wages of $1,500 or more during 2005; by reason of that fact, defendant was required by law, after December 31, 2005, and on or before January 31, 2006, to make an Employer's Annual Unemployment ("FUTA") Tax Return, Form 940, to the appropriate Internal Revenue Service Center, or to the person assigned to receive returns at the appropriate local office of the Internal Revenue Service, including local IRS offices located in the Northern District of Illinois, or other proper officer of the United States; well knowing all of the foregoing facts; defendant willfully did fail to make such a return to the appropriate Internal Revenue Service Center, or to the person assigned to receive returns at the appropriate local office of the Internal Revenue Service, including local IRS offices located in the Northern District of Illinois, or other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

## COUNT TWENTY ONE

The DECEMBER 2006 GRAND JURY further charges:

During the calendar year 2003, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, who was a resident of Marengo, Illinois, had and received a gross income of approximately $375,853.01; by reason of such income defendant was required by law, following the close of the calendar year 2003 and on or before April 15, 2004, to make an income tax return to the appropriate Internal Revenue Service Center, or to the person assigned to receive returns at the appropriate local office of the Internal Revenue Service, including local IRS offices located in the Northern District of Illinois, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; well knowing all of the foregoing facts, defendant willfully did fail to make the required income tax return to the appropriate Internal Revenue Service Center, or to the person assigned to receive returns at the appropriate local office of the Internal Revenue Service, including local IRS offices located in the Northern District of Illinois, or other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

## COUNT TWENTY TWO

The DECEMBER 2006 GRAND JURY further charges:

During the calendar year 2004, in the Northern District of Illinois, Western Division,

### JOHN M. VOLPENTESTA,

defendant herein, who was a resident of Marengo, Illinois, had and received a gross income of approximately $156,844.95; by reason of such income defendant was required by law, following the close of the calendar year 2004 and on or before April 15, 2005, to make an income tax return to the appropriate Internal Revenue Service Center, or to the person assigned to receive returns at the appropriate local office of the Internal Revenue Service, including local IRS offices located in the Northern District of Illinois, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; well knowing all of the foregoing facts, defendant willfully did fail to make the required income tax return to the appropriate Internal Revenue Service Center, or to the person assigned to receive returns at the appropriate local office of the Internal Revenue Service, including local IRS offices located in the Northern District of Illinois, or other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

### COUNT TWENTY THREE

The DECEMBER 2006 GRAND JURY further charges:

During the calendar year 2005, in the Northern District of Illinois, Western Division,

#### JOHN M. VOLPENTESTA,

defendant herein, who was a resident of Marengo, Illinois, had and received a gross income of approximately $193,833.53; by reason of such income defendant was required by law, following the close of the calendar year 2005 and on or before April 17, 2006, to make an income tax return to the appropriate Internal Revenue Service Center, or to the person assigned to receive returns at the appropriate local office of the Internal Revenue Service, including local IRS offices located in the Northern District of Illinois, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; well knowing all of the foregoing facts, defendant willfully did fail to make the required income tax return to the appropriate Internal Revenue Service Center, or to the person assigned to receive returns at the appropriate local office of the Internal Revenue Service, including local IRS offices located in the Northern District of Illinois, or other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

A TRUE BILL:

FOREPERSON

UNITED STATES ATTORNEY

28

No.: 07 CR 50049

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

UNITED STATES OF AMERICA

vs.

JOHN M. VOLPENTESTA

INDICTMENT

Violation(s): Title 18, United States Code, Sections 1341 & 1343
Title 26, United States Code, Sections 7202 & 7203

A true bill.

_____
Foreman

Filed in open court this 23 day of October A.D. 20 07

_____
Clerk

Bail $ _____